FILED '11 MAR 28 14:29 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBRA DELEONE, | 6:09-cv-06189-TC |
| Plaintiff, | |
| v. | ORDER AND<br>FINDINGS AND RECOMMENDATION |
| CERTIFIED PERSONNEL SERVICE<br>AGENCY, INC., | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiff Debra Delone was employed as a flagger by defendant Certified Personnel Service Agency, Inc. Plaintiff originally filed this civil rights action against defendant[1] in the Circuit Court of Deschutes County, Oregon. The complaint alleged various state law claims. On November 5, 2008, while the action was pending in state court, the Equal Employment Opportunity Commission (EEOC) issued a "Notice of Right to Sue." On June 4, 2009, plaintiff amended her state court

---

[1] Plaintiff brought suit against Certified Personnel Service Agency Inc, and Oregon Mainline Paving, LLC; however, defendant Oregon Mainline Paving, LLC was dismissed with prejudice on February 11, 2011. (dkt. #41).

Page 1 - FINDINGS AND RECOMMENDATION

pleading to add a Title VII claim. Defendant subsequently removed this matter to federal court. Currently before the court is defendant's motion for summary judgment (dkt. #31), defendant's renewed motion to dismiss for failure to prosecute or, in the alternative, to compel (dkt. #38) and plaintiff's motion to remand. (dkt. #47).

I find that oral argument on the pending motions is not necessary. Thus, I vacate the oral argument set for April 6, 2011. For reasons set forth below, I deny defendant's motion to compel. I recommend that this court grant defendant's motion for summary judgment in part, deny defendant's motion to dismiss for lack of prosecution and grant plaintiff's motion to remand plaintiff's state law claims to state court.

## Discussion

### A. Motion to Dismiss for Failure to Prosecute, or, in the Alternative, Motion to Compel

Defendant moves to dismiss this matter for failure to prosecute or, in the alternative, to compel. In support of its motion, defendant states that in the five months since plaintiff's counsel has appeared in this case, he has neither scheduled any depositions, served any discovery requests, served any subpoenas, nor has he responded to defendant's discovery requests and request to schedule plaintiff's deposition. Plaintiff has not responded to this motion.

My review of the docket reveals that plaintiff's counsel, who appeared on plaintiff's behalf approximately six months ago, has been active in this case. He has participated in a Rule 16 conference (dkt. #28), recently filed motions in this case (dkt. #'s 30 and 47) and responded to defendant's motion for summary judgement (dkt. #'s 45 and 46). Consequently, I cannot find that plaintiff has failed to prosecute this matter. I recommend that the court deny this motion.

Page 2 - FINDINGS AND RECOMMENDATION

In the alternative, defendant seeks to compel production of plaintiff's responses to defendant's interrogatories and requests for production of documents, which defendant asserts were due on December 27, 2010. Defendant states that as of February 11, 2007, the plaintiff had not responded or produced documents. (dkt. # 39, 2-3). Even if there are no responsive documents–which, based on defendant's supporting memorandum, does not appear to be the case here, the requesting party is entitled to a response under Rule 34(b). I do not take plaintiff's failure to provide responses and documents lightly; however, given my below recommendation that this court grant summary judgement on the Title VII claim and remand the remaining two claims to state court, the motion to compel is moot.

Defendant seeks costs associated with making the motion to compel. However, no declaration regarding costs was submitted. Thus costs will not be awarded.

### B.  Motion for Summary Judgment

Defendant moves for summary judgment on plaintiff's Title VII and two state court claims. Defendant contends that it is entitled to judgment on plaintiff's Title VII claim because it is untimely. Defendant argues that it is entitled to judgement on the two state law claims because plaintiff cannot establish an essential element of the ORS 654.062 claim and because plaintiff's ORS 659A.030 claim is untimely.

In her amended response, plaintiff concedes that her Title VII claim is untimely and must be dismissed. (dkt. #46, 1). Plaintiff's response does not address defendant's arguments for judgment on the state court claims, except to assert that this court does not have subject matter jurisdiction and those claims should be remanded. In its reply in support of summary judgment, defendant argues that this court "should not allow counsel to buy more time by having this case remanded to state

court." As more fully discussed below, I find that the interests of judicial economy dictate that I should decline to consider whether defendant is entitled to summary judgment on the remaining state law claims, and, instead, recommend that the claims be remanded to state court.

### C. Motion for Remand

Plaintiff moves to remand her two remaining state claims to state court based on lack of subject matter jurisdiction. Under 28 U.S.C. § 1368(c)(3), a district court may decline to exercise jurisdiction over a supplemental state court claim if "the district court has dismissed all claims over which it has original jurisdiction...." The Supreme Court has stated that a district court should not retain jurisdiction over a case containing only state law claims if it violates values of economy, convenience, fairness or comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). When all federal claims are eliminated from a case prior to trial, these factors generally dictate that the district court should remand any remaining state law claims. Id. at n. 7. Here, I have recommended that this court dismiss the federal claim from this action.

Defendant argues that I should find that the motion to remand should be denied on a procedural basis–plaintiff's counsel's failure to confer before filing the motion in violation of Local Rule 7-1. Defendant contends that, because plaintiff's motion relies on an incorrect statute, her supporting legal standards and arguments are irrelevant. Finally, defendant asserts that the interests of judicial economy and fairness weigh in favor of this court retaining jurisdiction over plaintiff's two remaining state court claims. Specifically, defendant notes the "considerable time and expense incurred...in [drafting motions in this case]."

I do not find defendant's arguments persuasive. Here, I have recommended that the only federal claim–the Title VII claim which was the basis for removal, be dismissed. Deciding the

Page 4 - FINDINGS AND RECOMMENDATION

remaining state law claims in this court will not serve the interests of judicial economy, convenience, fairness, or comity to have this court decide the remaining issues of state law. Consequently, I recommend that this court grant plaintiff's motion to remand the two state law claims.

## Conclusion

The oral argument set for April 6, 2011 is vacated. Defendant's motion to compel (dkt. #38) is denied as moot. I recommend that the court deny the motion to dismiss for failure to prosecute (dkt. #38) and grant the motion for summary judgment (dkt. #31) only as to the Title VII claim. I recommend that the court grant the motion to remand. (dkt. #47).

The Clerk shall refer the above Findings and Recommendation to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED

DATED this 28t day of March 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION