FILED 02 SEP '11 14:52 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBRA DELEONE,                                                      09-6189-TC

                            Plaintiff,

              v.                                                     ORDER

OREGON MAINLINE PAVING, LLC and
CERTIFIED PERSONNEL SERVICE
AGENCY, INC.,

                            Defendants.

COFFIN, Magistrate Judge:

On June 9, 2011, this court adopted my recommendation that this court grant Defendant's

motion for summary judgment on plaintiff's Title VII claim and, because the Title VII claim was the

basis for federal jurisdiction, remand the remaining to state law claims to state court. (#52). The

Clerk of the Court subsequently entered final judgment. (#53). Before me are plaintiff's motion

for fees and costs under 28 U.S.C. § 1447(c) (#56) and defendant's motion for fees under 42 U.S.C.

§ 2000e-5(k), 28 U.S.C. § 1927 and this court's inherent powers. (#59).

///

Page 1 - ORDER

Plaintiff originally filed this matter in the Circuit Court of Deschutes County, Oregon. After plaintiff amended her complaint to add a Title VII claim, defendant removed the matter to federal court. Defendant moved for summary judgment on plaintiff's Title VII claim on the basis that it was untimely. Plaintiff conceded that this claim was untimely and should be dismissed, and, as noted above, this claim was dismissed. Because the Title VII claim was the basis for federal jurisdiction, this matter was remanded to state court.

Now, plaintiff argues that she is entitled to attorney fees and costs under 28 U.S.C. § 1447(c) because defendant improperly removed this matter to federal court. Plaintiff's argument in favor of fees is essentially that defendant's counsel should have known that the Title VII claim was untimely and, thus, removal to federal court was "a particularly egregious abuse of the federal court system," lacking in any valid reason and "a complete waste" of both plaintiff's and this court's time. (#57 at 2). Defendant opposes an award of fees and costs arguing that the case was properly removed to federal court and remanded only after the sole federal claim was dismissed, thus eliminating the basis for federal jurisdiction.

28 U.S.C. § 1447(c) provides that a litigant may obtain a remand to state court when a case has been improperly removed and also provides that a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. (emphasis added). A district court has discretion to award fees under the statute. Gotro v. R&B Realty Group, 69 F.3d 1485 (9th Cir. 1995). Generally, attorney's fees should not be awarded when the removing party has an "objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). The statutory purpose of awarding fees is to deter abuse, unnecessary expanses and harassment that may result with improper removal. 28 U.S.C. § 1447(c). Based on the record, I find

Page 2 - ORDER

that defendant had an objectively reasonable basis for removing this matter to federal court: the plaintiff had amended her complaint to add a federal claim. I cannot find, as plaintiff suggests, that a defendant bears the burden of calculating whether a plaintiff's claim is timely before removing a matter to federal court. Such a burden is not imposed by the removal statue, which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under...the...laws of the United States shall be removable...." Instead, plaintiff's counsel bore the burden of determining whether the Title VII claim was time barred before amending plaintiff's original state court filing. Accordingly, I find that an award of fees and costs is not warranted because defendant had a valid reason for removing this case to federal court.

Defendant argues that it is entitled to attorney fees under 42 U.S.C. § 2000e-5(k), 28 U.S.C. § 1927 and this court's inherent powers because plaintiff knowingly raised frivolous Title VII and attorney fees and costs claims. In support of its motion for fees under 28 U.S.C. § 1927, defendant notes that plaintiff's current counsel (who is her second counsel in this matter) continued to pursue the Title VII claim long after defendant pointed out it was time barred. Defendant also notes that plaintiff's counsel described time spent on the Title VII claim as a "complete waste." (#59 at 3). Although the record indicates that plaintiff's counsel should have known that the Title VII claim was time barred before defendant filed its motion for summary judgment, I cannot find that counsel's actions in continuing to litigate the Title VII claim were so unreasonable or vexatious as to warrant an award of fees.

Defendant also seeks an award for fees incurred opposing plaintiff's motion for attorney fees and costs associated with removal. Defendant argues that the fees and cost motion was frivolous. Generally, attorney fees are not recoverable absent a statutory provision. Alyeska Pipeline Serv. Co.

Page 3 - ORDER

v. Wilderness Society, 421 U.S. 240, 260 (1975). The court, however, has stated that attorney fees may be assessed when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. Such an award is predicated on the inherent power of the court. Browning Debenture Holders' Committee v. Dass Corp., 560 F.2d 1078 (2d Cir.1977). Under Alyeska, the court has the inherent power to impose sanctions against either a party or counsel who "willfully abuses judicial process." Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980). bad faith includes acting "vexatiously, wantonly, or for oppressive reasons." Alyeska, 421 U.S. at 260. Consequently, "[a] party is not to be penalized for maintaining an aggressive litigation posture.... But advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense, for the extra outlays attributable thereto." Lipsig v. National Student Marketing Corp., 663 F.2d 178, 181 (D.C.Cir.1980). Bad faith may be found when a suit is filed for purposes of harassment, Callow, 681 F.2d 1242, 1243 (9th Cir. 1982), or delay, or when it is "patently frivolous" or "without colorable merit." Alyeska, 421 U.S. at 258-59. "Bad faith may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Hall v. Cole, 412 U.S. 1(1973).

Here, I find that plaintiff's counsel's motion for costs and fees went beyond an "aggressive litigation posture." Based on the plain language of the removal statute, it is clear that defendant had an objectively reasonable basis for removing this case to federal court. Indeed, plaintiff offered no case law to support her contention that defendant acted unreasonably in removing a case with a federal claim to federal court simply because the federal claim was ultimately determined to be time barred. Moreover, plaintiff's counsel repeatedly ignored defendant's counsel's attempts to dispense with the Title VII claim without a costly motions practice (#60 at ¶¶ 9-13), and ignored attempts to

Page 4 - ORDER

resolve the fees issue without filing motions. Id. at ¶ 20. Accordingly, I award defendant fees incurred in responding to plaintiff's fee and cost motion.

### Conclusion

Plaintiff's motion for fees and costs (#56) is denied. Defendant's motion for fees (#59) is denied with respect to the fees incurred with respect to the Title VII claim. It is granted with respect to the fees incurred with respect to plaintiff's motion for fees and costs. Plaintiff's counsel shall, within 30 days from the date this order is filed, pay defendant the sum of $1,375.00. Counsel shall not pass on this cost to his client.

IT IS SO ORDERED

DATED this 2nd day of Sept 2011.

THOMAS M. COFFIN
United States Magistrate Judge